### JOHNSON CITY STATE BANK v. LINDIG.
#### No. 8388.

Court of Civil Appeals of Texas. San Antonio.
March 12, 1930.

Rehearing Denied April 9, 1930.

H. H. Sagebiel, of Fredericksburg, for appellant.

N. T. Stubbs, of Johnson City, for appellee.

FLY, C. J.

This is an action instituted by appellant against appellee to recover the sum of $972, alleged to be due for 162 goats belonging to appellant, which had been converted by appellee to his own use and benefit. Appellee claimed the property as the first mortgage lienholder. The cause was submitted to a jury on one issue, besides the market value of the goats, and on the answer thereto judgment was rendered in favor of appellee.

The facts show that appellant held liens on certain land and personal property, among the latter 150 goats, as against Otto & Lillie Burger, which were judicially foreclosed on October 19, 1926, in the district court of Blanco county, and afterwards the property, real and personal, was sold under an order of sale issued out of the said county, with the exception of the goats, which were not found. Appellee, it was shown, had taken possession under a promissory note which recited that a lien was held on the goats until the note was paid. The lien was never filed and never foreclosed. The words used in the note, claimed to create a lien on the goats, were: "This note is secured by four hundred seventy-five goats including mohair." Appellee did not allege a registration of the lien claimed by him. It is provided in article 5489, Revised Statutes 1925, that "all reservation of the title to or property in chattels, as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and bona fide purchasers, unless such reservations be in writing and registered as required of chattel mortgages." In article 5490 it is provided that every chattel mortgage not accompanied by possession of the mortgaged property "shall be absolutely void as against the creditors of the mortgagor or person making same, as against subsequent purchasers and mortgagees or lien holders in good faith, unless such instrument, or a true copy thereof, shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated."

Appellant not only had a written, duly registered mortgage on the goats, but the lien had been foreclosed, and it was thoroughly protected under the statute. The general demurrer to the answer should have been sustained and judgment rendered in favor of appellant for the value of the goats. There is some conflict as to the value of the goats, but the jury has found the value of the goats to have been $4 a head, and, taking the number to have been 150 head, we have the sum of $600 for the whole number.

The facts are practically undisputed, and the judgment is reversed, and judgment here rendered in favor of appellant for $600, with interest at 6 per cent. from December 10, 1926, and all costs of suit.